UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>WILLIAM VIERA | Case No. 22-cr-10323-LTS |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant William Viera pled guilty pursuant to a plea agreement to a one-count Information charging him with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). Viera was previously charged by criminal complaint after he sold unserialized "ghost guns" to an ATF cooperating witness on three separate occasions, all of which Viera made himself. During a search warrant executed at Viera's residence, law enforcement located his tools of the trade, including firearm frames, parts, tools, and a 3D printer and five 3D printed firearm frames, as well as two more completed ghost guns and one commercially manufactured AR-style firearm.

Per the plea agreement, tendered under Rule 11(c)(1)(C), the parties are asking the Court to accept the agreed disposition and impose a sentence that includes 48 months of imprisonment and three years of supervised release. This is a below-guidelines sentence that the government submits is sufficient but not greater than necessary considering, among other things, the nature of the offense and the history of the defendant.

1

A.     **The nature and circumstances of the offense**

Trafficking firearms is dangerous business, and it is even more dangerous when those firearms are unserialized ghost guns. Ghost guns are distinguishable from commercial firearms for one reason: they help the user avoid responsibility. That is the advantage that ghost guns offer, and that is why Viera was able to charge significantly more for his Glock-style ghost guns than a licensed firearm seller could charge for a commercial manufactured, serialized Glock handgun.

Viera told the cooperating witness about the firearms he was making and selling to other people, and firearms that he offered for sale to the cooperating witness. In the span of about three weeks, Viera sold the cooperating witness one 9mm Glock-style handgun, one .40 caliber Glock-style handgun, and another .40 handgun with 2 rounds of .40 caliber ammunition. During some of the controlled firearm transactions, Viera had his son with him when he met the cooperating witness to complete the sale.

In addition to these ghost guns that Viera sold to the cooperating witness, which were made from purchased Polymer80 frames, Viera also told the cooperating witness that he purchased a 3D printer so that he could start making his own frames instead of buying them. Viera showed sophistication and knowledge of changes in the law that would require companies like Polymer80 to serialize firearm frames. Because Viera had a prior felony conviction, it would be harder for him to continue making ghost guns with purchased parts, so he took steps to ensure his ghost gun dealing business could continue. The 3D printer and 3D printed frames that law

enforcement located in Viera's home show his commitment to this plan, and intent to further evade the law.

Viera's offense here was also not limited to ghost guns and ghost gun parts. During the search of his residence, law enforcement located a commercially manufactured AR .300 Blackout firearm, which is an AR-style firearm chambered in a larger caliber bullet than the standard AR-15 that was originally designed for close quarters combat because the larger bullet is more lethal at close range. Viera had this firearm along with multiple 30-count magazines that were each loaded with over 20 rounds of ammunition. Viera also had many rounds of .40 caliber ammunition, and at least one magazine that was capable of holding 29 rounds. Again, because Viera was previously convicted of a felony, he was prohibited from possessing these firearms and ammunition.

Viera was not allowed to possess any of these weapons, which is made worse by dangerous manner in which he possessed them. Three firearms were found in his bedroom—not in a gun safe, but on shelves or in zippered bags, in close proximity to children's' play items. Viera proved how unsafely the weapons were handled inside the home when he discharged a live round inside the house. The discharged round went through the floor in the second floor of the house and into the first floor living area, where his grandfather lived.

In sum, Viera's conduct here created a significant danger to the community, from his making and sell ghost guns, to his attempts to 3D print firearm parts, to his illegal possession of firearms and ammunition, to his reckless storage and handling

of firearms. All of these factors support the significant sentence recommended by the parties.

**B.      Viera's post-arrest obstruction**

As detailed in the PSR, in the days after Viera's arrest and while he was detained, Viera indirectly sent threatening and intimidating messages to the government's cooperating witness. Specifically, during a recorded video call with his partner, Viera instructed her to log in to his Facebook account and send threats to the cooperating witness. Viera instructed her to send the message that "you're a fucking rat" and "time's ticking," and after discussion, she ultimately sent the cooperating witness a skull and crossbones emoji.

These actions by Viera in the immediate aftermath of his arrest showed a blatant disrespect for the law and lack of remorse for his criminal conduct. After he was confronted with evidence of his obstruction, Viera changed course and agreed to accept responsibility for his offense.

**C.      Viera's history**

As mentioned above, prior to this offense, Viera had felony convictions. His criminal history includes convictions involving assaults, drug possession, and property crimes over the last 15 years. Because Viera was convicted of a felony many years ago, he has been prohibited from possession any firearms or ammunition for many years, and although one prior conviction did involve a dangerous weapon (hypodermic needle), the instant offense appears to be his first firearms offense.

**D. Guidelines sentencing range**

As detailed in the plea agreement, the parties agree that Viera's total offense level under the Guidelines is 24. The PSR reaches the same conclusion. For criminal history category IV, as calculated in the PSR, the Guidelines recommended sentence is 60 months, or the statutory maximum for the one offense charged in the Information because the sentencing range of 77 to 96 months is above the statutory maximum.

Viera's Guidelines recommend sentence of 60 months includes a 2-level enhancement for obstruction of justice. As a result, Viera's Guidelines do not include a 3-level decrease for acceptance of responsibility. *See* U.S.S.G. § 3E1.1, app. n. 4 ("Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct"); *see also United States v. Evans*, 826 F.3d 934, 939 (7th Cir. 2016) (holding that the district court correctly denied credit for acceptance of responsibility where defendant pled guilty after attempted to obstruct because "pleading guilty does not assure a reduction for acceptance of responsibility"). Nevertheless, while the guidelines calculation is correct, the parties' below-guidelines recommendation considers Viera's prompt guilty plea to an Information.

## CONCLUSION

For the foregoing reasons, the government asks the Court to impose the requested sentence, as detailed in the plea agreement.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its attorney,

RACHAEL S. ROLLINS
United States Attorney

*/s/ Charles Dell'Anno*
Charles Dell'Anno
Assistant U.S. Attorney

Date: May 15, 2023

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

> */s/ Charles Dell'Anno*
> Charles Dell'Anno
> Assistant U.S. Attorney

Dated: May 15, 2023